**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George HILLS, Jr., Defendant-Appellant.**

**No. 71-2718.**

United States Court of Appeals,
Ninth Circuit.

Feb. 23, 1972.

* Senior Circuit Judge, Tenth Judicial Circuit, sitting by special designation.

Alan Saltzman, Martha Goldin, Hollywood, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Chief, Criminal Division, Gregory C. Glynn, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

After a trial to the court, appellant was convicted of possessing stolen mail (18 U.S.C. § 1708) and of wilfully breaking into a mail collection box (18 U.S.C. § 1705). On this appeal, he contends that (1) unreliable hearsay statements were improperly admitted in evidence, (2) he was denied due process when the prosecution failed to produce a witness, and (3) the evidence was insufficient to sustain the convictions. We affirm.

Appellant's apprehension was the result of a telephone call to the local police operator, late at night, from an unidentified bystander. His information was switched onto the police radio and appellant was captured within minutes. A tire iron, used to pry open the mail box was recovered, together with the stolen mail.

The operator, Mary Binder, was permitted to testify to the tone of voice and manner of speaking of the caller and to the substance of his message. The trial court admitted the evidence, over a hearsay objection, as an excited utterance or spontaneous declaration. The ruling was a correct application of a well-known exception to the hearsay exclusionary rule. 6 Wigmore on Evidence § 1747 (3rd ed. 1940). *See* Note, "Spontaneous Exclamations in the Absence of a Startling Event," 46 Columbia Law Review 430 (1946).

The government was unable to locate an unidentified bystander who called to one of the police officers, "you better hurry; they just went that way." At trial, no request was made to the court or prosecution to have the man located or produced and appellant made no issue of the matter until this appeal. There was no indication that the testimony of the unknown bystander would have been favorable to appellant. His reliance on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is misplaced. Here, there was no deliberate withholding of information which would have materially aided the defense.

The conviction clearly was supported by sufficient evidence. The judgment of the district court is affirmed.