5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
M.A., Defendant-Appellant.
 No. 92-10737.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 19, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CR-92-007288-JMR, John M. Roll, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before: KOZINSKI, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 M.A. was found guilty of juvenile delinquency. See 18 U.S.C. Sec. 5031. The underlying offenses were possession and conspiracy with intent to distribute cocaine. 21 U.S.C. Secs. 841(a)(1), 846.
 
 
 3
 A. M.A. first challenges the admission into evidence of a declaration made by Willie Jones, a local resident and county deputy sheriff, to a pursuing officer. Deputy Jones had just seen a man run past his house; minutes later police officers in full pursuit came by. Recognizing the value of his information, Jones volunteered what he had seen and indicated the direction of M.A.'s flight. At trial M.A. objected to the statement as hearsay, but the court admitted it as an excited utterance. RT 33-34; see Fed.R.Evid. 803(2). The court did not abuse its discretion. See United States v. Hills, 455 F.2d 504, 505 (9th Cir.1972).
 
 
 4
 M.A. next argues the district court erred by permitting the pursuing officer to recount that when the police knocked on the door of the trailer where M.A. was hiding, the owner exclaimed, "he's under the bed." RT 37. The witness also testified the declarant appeared "excitable," judging by her tone of voice and facial expression. Id. at 36-37. M.A. objected to this statement as hearsay, but the court admitted it, presumably on the theory that it too was an excited utterance. Id. at 37. Again, the district court didn't err in admitting this statement. See United States v. Lim, 984 F.2d 331, 336 (9th Cir.1993) (statements made by defendant during arrest qualified as excited utterances).
 
 
 5
 M.A. also claims that his Sixth Amendment right to confront the witnesses against him was violated by admission of the challenged statements, regardless of whether they were otherwise admissible. But "excited utterance" is a firmly rooted exception to the hearsay rule, and evidence which fits within it also satisfies the requirements of the Sixth Amendment. White v. Illinois, 112 S.Ct. 736, 742 n. 8, 743 (1992).
 
 
 6
 B. M.A. next claims there was insufficient evidence to support his convictions for conspiracy or possession with intent to distribute. We review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Buena-Lopez, 987 F.2d 657, 659 (9th Cir.1993).
 
 
 7
 To convict M.A. under 21 U.S.C. Sec. 841(a)(1) the government had to prove he (1) knowingly (2) possessed the drugs (3) with intent to distribute. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.1987). A border patrol agent saw M.A. with a group of armed smugglers who had backpacked a large amount of cocaine. RT 15-18. At the time of arrest, officers recognized M.A.'s clothing and identified him as the individual who had fled the scene and been hit by a police car. Id. at 31-33, 65-66. Because he transported, guarded and concealed the drugs, the jury could conclude M.A. knew of their presence and had dominion or control over them. United States v. Restrepo, 930 F.2d 705, 709-10 (9th Cir.1991); see also United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986) (possession can be shown by proving the accused participated in a joint venture to possess). That the cocaine was intended for distribution can be inferred from the large amount involved. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988).
 
 
 8
 To convict M.A. under 21 U.S.C. Sec. 846 the government was required to prove an agreement to accomplish an illegal objective coupled with one or more overt acts in its furtherance. Buena-Lopez, 987 F.2d at 659. The evidence showed a conspiracy to transport and conceal a large shipment of cocaine. Proof of an overt agreement is not needed where circumstantial evidence supports the inference of a coordinated effort to do an illegal act. Id. Once a conspiracy has been shown, even a slight connection of the defendant to the conspiracy is sufficient to establish knowing participation. Id. The evidence, including the officer's eyewitness identification, M.A.'s flight from the officers and the evidence offered to prove the substantive count, are enough to established M.A.'s participation in the conspiracy.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3