48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy SHORT, Defendant-Appellant.
 No. 93-10267.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1994.
Decided March 8, 1995.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Timothy Short appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 Short was convicted after a second trial in which the government was permitted to introduce into evidence, through the testimony of police officers, the hearsay declarations of an unidentified declarant, alleging that Short had attempted to rob him at gunpoint. The focus of Short's appeal is the district court's ruling that these statements were admissible.
 
 
 4
 Prior to Short's first trial, the district court ruled in favor of the government's motion in limine to admit the hearsay statements of the unidentified declarant as both excited utterances and present sense impressions. Nevertheless, the court admitted only a redacted version to avoid reference to the attempted robbery of the declarant.
 
 
 5
 Short's first trial ended in a mistrial after the jury deadlocked. Prior to retrial, the district court granted the government's request to admit the unidentified declarant's entire hearsay statement, including the allegation of attempted robbery, on the ground that it would clarify why the officers departed so abruptly without recording the declarant's name and address, which the defendant's counsel had used to impeach the officers' conduct of the investigation.
 
 
 6
 At the second trial, unlike the first, the prosecution also introduced into evidence the car in which Short had been arrested, and the court took the jury to the site of the arrest. After the second trial, Short was convicted and sentenced to 120 months in prison and five years of supervised release.
 
 ANALYSIS
 
 7
 Short contends that the hearsay statements of the unidentified declarant were improperly admitted because they do not meet the requirements of either the excited utterance, Fed.R.Evid. 803(1), or present sense impression exceptions. Fed.R.Evid. 803(2). Short also claims that admission of the hearsay was substantially more prejudicial than probative, Fed.R.Evid. 403, and constituted a violation of his rights under the Confrontation Clause of the Sixth Amendment. Lastly, Short argues that the evidence was not sufficient to convict him under 18 U.S.C. Sec. 922(g)(1).
 
 I. HEARSAY EXCEPTIONS
 
 8
 Evidentiary rulings by the district court are reviewed for abuse of discretion. United States v. Brooke, 4 F.3d 1480, 1487 (9th Cir.1993). This general rule applies to admissibility under exceptions to the hearsay rule. United States v. Valdez-Soto, 31 F.3d 1467, 1469 (9th Cir.1994); United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). Rule 803 reads, in relevant part:
 
 
 9
 The following are not excluded by the hearsay rule, even though the declarant is unavailable as a witness:
 
 
 10
 (1) Present Sense Impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.
 
 
 11
 (2) Excited Utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
 
 
 12
 Fed.R.Evid. 803(1), (2).
 
 
 13
 The district court found the unidentified declarant's statements were admissible under either of these exceptions. This circuit has established two requirements for a statement to qualify as an excited utterance: first, there must be an exciting or startling event, and second, the statement must be made while the declarant is still under the stress of excitement caused by the event. United States v. McLellan, 563 F.2d 943, 948 (9th Cir.1977), cert. denied, 435 U.S. 969 (1978). In order to admit evidence under a hearsay exception, the district court must find by a preponderance of evidence that the foundation requirements are satisfied. Bemis v. Edwards, No. 93-35192, slip op. at 1053 (9th Cir. Jan. 25, 1995); McLellan, 563 F.2d at 948; United States v. Strand, 574 F.2d 993, 996 n. 4 (9th Cir.1978); accord Miller v. Keating, 754 F.2d 507, 511 (3d Cir.1985).
 
 
 14
 Short argues that the district court erred in three ways in in admitting the hearsay statements. First, he argues that the exception requires evidence that the event being described actually occurred and was personally perceived by the declarant. Although Short acknowledges that the statement itself may establish these foundational facts, he maintains that when the declarant is an unidentified bystander, the burden of showing that the hearsay is trustworthy is greater and requires independent corroboration that the declarant actually witnessed the event he describes. Short contends that there was no evidence, other than the hearsay statements themselves, that Short attempted to rob the declarant, or that the declarant witnessed Short brandishing a gun.
 
 
 15
 We reject Short's contention that the declarant's statement was the only evidence that a startling event occurred. As the advisory committee's notes to the Federal Rules of Evidence indicate "[w]hether proof of the startling event may be made by the statement itself is largely an academic question, since in most cases there is present at least circumstantial evidence that something of a startling nature must have occurred." Fed.R.Evid. 803 advisory committee's note (listing cases "in which the evidence consists of the condition of the declarant," including his/her state of shock). In this case, the occurrence of the startling event was independently corroborated by Officer Fields' description of the declarant's behavior and appearance as "frantic" and "agitated." See United States v. Hills, 455 F.2d 504, 505 (9th Cir.1972) (upholding admission of excited utterance from unidentified phone caller because the caller's tone of voice and manner of speaking implicitly established that a startling event had occurred); accord United States v. Moore, 791 F.2d 566, 570 (7th Cir.1986) (stating that "the appearance, behavior and condition of the declarant may establish that a startling event occurred.").
 
 
 16
 Short is correct that a hearsay declarant must have been speaking from personal knowledge. See Fed.R.Evid. 803 advisory committee's note (stating that in a hearsay situation, "the declarant is, of course, a witness, and neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge" spelled out in Rule 602); Bemis, slip. op. at 1053-54. Some courts have been hesitant to admit as excited utterances the statements of unidentified bystanders, out of concern that the personal observation requirement has not been satisfied. See, e.g. Miller, 754 F.2d at 511-12; Meder v. Everest & Jennings, Inc., 637 F.2d 1182, 1186 (8th Cir.1981); Miller v. Crown Amusements, Inc., 821 F.Supp. 703, 705 (S.D.Ga.1993); Cummiskey v. Chandris, S.A., 719 F.Supp. 1183, 1187-88 (S.D.N.Y.1989), aff'd, 895 F.2d 107 (2d Cir.1990). But see United States v. Hills, 455 F.2d 504, 505 (9th Cir.1972) (upholding admission of hearsay evidence from unidentified bystander with little discussion of particular foundational concerns). Here, however, the declarant was not a mere bystander, but was the victim of the event at issue, so his description of the event to which he was a party--his statement that Short had "just" pointed a gun at him--is sufficient to establish personal observation. See Fed.R.Evid. 803 advisory committee's note (stating that the foundation of firsthand knowledge "may appear from [the] statement itself or be inferable from circumstances"); Bemis, slip. op. at 1053-54; see also Miller, 754 F.2d at 511 (stating that "direct proof of perception, or proof that forecloses all speculation is not required" and that the substance of the statement itself may establish personal perception). Thus, the district court did not abuse its discretion in finding that the foundational requirement of personal observation by the hearsay declarant had been satisfied.
 
 
 17
 Second, Short argues that the statements did not satisfy the contemporaneity requirement, Bemis, slip. op. at 1052 & n. 1, because we cannot be certain how soon after the events described the statements were uttered or whether the declarant was still under the stress of excitement caused by the event. The district court properly found that the declarant's statement that a man had "just" tried to rob him and the fact that Short was still at a gas station one block away at the time the declarant was speaking established the temporal proximity of the event and the statement. Additionally, the officers' descriptions of the declarant as "frantic" and "agitated" established that he was still under the stress of the exciting event. See United States v. Rivera, 43 F.3d 1291 (9th Cir.1994) (considering factors other than the length of time between the event and the statement's utterance to determine whether declarant is under the stress of the startling event); See also Moore, 791 F.2d at 572 (holding that "testimony that the declarant appeared excited when the statement was made and that there was a reasonable basis for this continuing excitement may be sufficient" to establish temporal proximity and thus the lack of conscious reflection).
 
 
 18
 Lastly, Short argues that the declarant's statement that a gunman said "give me your money and your drugs" was hearsay within hearsay, and that both levels of hearsay must independently meet an exception to the hearsay rule to be admissible. Short contends that the statement that the declarant attributed to Short does not qualify as an admission of a party opponent under Rule 801(d)(2)(A) because the declarant left the scene without positively identifying Short as the one who said it. However, the fact that the declarant was referring to Short was established by the declarant's descriptions of Short, the car and the gun, which the officers were later able to match up with Short, as well as Short's presence at the gas station. In addition, Officer Fields testified that the declarant gestured to Short at the gas station and said "there's [the] guy and you're letting him get away," indicating a positive contemporaneous identification.
 
 
 19
 In sum, we hold that the district court did not abuse its discretion in admitting the unidentified declarant's statements under the excited utterance exception to the hearsay rule. Bemis, slip. op. at 1052; United States v. Christophe, 833 F.2d 1296, 1300 (9th Cir.1987). Because we find the statement admissible under the excited utterance exception, we do not address the applicability of the present sense impression exception.
 
 II. CONFRONTATION CLAUSE
 
 20
 We review admittance of evidence that implicates a violation of the Confrontation Clause de novo. United States v. Garcia, 16 F.3d 341, 342 (9th Cir.1994); United States v. George, 960 F.2d 97, 99 (9th Cir.1992).
 
 
 21
 "Where proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied." White v. Illinois, 112 S.Ct. 736, 743 (1992). Since the hearsay statement was properly admitted under the firmly rooted excited utterance exception, White, 112 S.Ct. at 742 n. 8; Idaho v. Wright, 497 U.S. 805, 827 (1990), the Confrontation Clause was not violated. People of Territory of Guam v. Ignaciao, 10 F.3d 608, 615 (9th Cir.1993).
 
 III. RULE 403 RULING
 
 22
 Rule 403 authorizes the district court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. We review a district court's balancing of probative value against prejudicial effect under Rule 403 for an abuse of discretion. United States v. Daly, 974 F.2d 1215, 1216 (9th Cir.1992) (per curiam); United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982).
 
 
 23
 Short argues that the district court incorrectly admitted the declarant's statement regarding the armed robbery attempt. Short contends that the accusation was not probative because "what [Short] was doing with the gun earlier bore no relevance to the charged offense of possession," yet it was highly prejudicial because it alleges a crime that is more serious than the one with which Short was charged. The district court is given "wide latitude" in determining whether the probative value of evidence is substantially outweighed by unfair prejudice under Rule 403. United States v. Fagan, 996 F.2d 1009, 1015 (9th Cir.1993). We have previously held that, consistent with Rule 403, "[w]hen a defendant is prosecuted for being a felon in possession of a firearm, evidence concerning other acts that are inextricably intertwined with the charged acts may be admitted." Daly, 974 F.2d at 1217; see also United States v. Butcher, 926 F.2d 811, 816 (9th Cir.1991) (upholding admission of evidence of narcotics in defendant's truck to counter defendant's claim that he was unaware of the gun's presence in the vehicle).
 
 
 24
 As the district judge noted, the statement alleging an armed robbery attempt posing a continuing threat to the public explained the officers' failure to get the declarant's name and address, which had been a key part of the defense in the first trial. The statement was also probative in that it (1) rebutted the defense's accusations regarding the declarant's motives for leaving the scene without waiting for the police to return and (2) explained why the declarant was "frantic" and was able to describe the gun in such detail. In addition to these probative purposes for admitting the statement, Short's use of the gun in the attempted robbery was "inextricably intertwined" with his possession of the gun and his arrest minutes later. Accordingly, we hold that the district court did not abuse its "wide latitude" of discretion in admitting the declarant's statement under Rule 403.
 
 IV. SUFFICIENCY OF THE EVIDENCE
 
 25
 There is sufficient evidence to support a conviction if "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 309 (1979)). We hold that the properly admitted evidence in this case was sufficient to support a conviction under 18 U.S.C. Sec. 922(g)(1).
 
 
 26
 Accordingly, the conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3