**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leopoldo Alcala ZARAGOZA,**
**Defendant–Appellant.**

No. 09–30076.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 14, 2009.

Filed Oct. 23, 2009.

Gregory M. Shogren, Esquire, Assistant U.S., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Diane E. Hehir, Assistant Federal Public Defender, FDWAID—Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and CUDAHY,* Senior Circuit Judge.

MEMORANDUM **

Appellant Leopoldo Alcala Zaragoza (Zaragoza) challenges the district court's finding that he committed first degree burglary, resulting in revocation of his supervised release.

1. The district court properly conducted the *Comito* balancing test and excluded unavailable witnesses's prior statements. *See United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir.1999). Therefore, there was no due process violation.

2. The 911 recording was admissible under the "excited utterance" exception to the hearsay rule, *see* Fed.R.Evid. 803(2). Accordingly, the district court did not abuse its discretion when it considered the contents of the recording. *See United States v. Hills, Jr.*, 455 F.2d 504, 505 (9th Cir.1972) (stating that the district court's admission of a police operator's testimony under an "excited utterance" hearsay ex-

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ception was a "correct application of a well-known exception to the hearsay exclusionary rule") (citation omitted).

3. There was sufficient evidence for the district court to find that Zaragoza committed first degree burglary, a violation of one of his supervised release conditions. *See* 18 U.S.C. § 3583(e)(3) ("The court may ... revoke a term of supervised release ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release...."). Therefore, the district court did not abuse its discretion in revoking Zaragoza's supervised release. *See United States v. Daniel*, 209 F.3d 1091, 1094–95 (9th Cir.2000) (affirming the district court's decision revoking supervised release).

**AFFIRMED.**