MEMORANDUM **
Appellant Leopoldo Alcala Zaragoza (Zaragoza) challenges the district court’s finding that he committed first degree burglary, resulting in revocation of his supervised release.
1. The district court properly conducted the Comito balancing test and excluded unavailable witnesses’s prior statements. See United States v. Comito, 177 F.3d 1166, 1170 (9th Cir.1999). Therefore, there was no due process violation.
2. The 911 recording was admissible under the “excited utterance” exception to the hearsay rule, see Fed.R.Evid. 803(2). Accordingly, the district court did not abuse its discretion when it considered the contents of the recording. See United States v. Hills, Jr., 455 F.2d 504, 505 (9th Cir.1972) (stating that the district court’s admission of a police operator’s testimony under an “excited utterance” hearsay ex *221 ception was a “correct application of a well-known exception to the hearsay exclusionary rule”) (citation omitted).
3. There was sufficient evidence for the district court to find that Zaragoza committed first degree burglary, a violation of one of his supervised release conditions. See 18 U.S.C. § 3583(e)(3) (“The court may ... revoke a term of supervised release ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release .... ”). Therefore, the district court did not abuse its discretion in revoking Zaragoza’s supervised release. See United States v. Daniel, 209 F.3d 1091, 1094-95 (9th Cir.2000) (affirming the district court’s decision revoking supervised release).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.