**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mattie Sue GILBERT, Defendant–Appellant.**

No. 92–5352.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 20, 1993.

Decided April 22, 1993.

James E. Arehart, Asst. U.S. Atty., Karen K. Caldwell, U.S. Atty., Kenneth Taylor, Asst. U.S. Atty. (briefed and argued), Lexington, KY, Jacquelyn A. Jess, Asst. U.S. Atty., Covington, KY, for U.S.

Jill Hall Rose (argued and briefed), Lexington, KY, for Mattie Sue Gilbert.

Before KENNEDY and BATCHELDER, Circuit Judges; and BECKWITH, District Judge.*

BATCHELDER, Circuit Judge.

Mattie Sue Gilbert pled guilty on December 13, 1990 to one count of mail theft. The District Court sentenced her to ten months imprisonment, to be followed by two years supervised release. She got out early, and began her supervised release time under the auspices of the London, Kentucky office of the United States Probation Office. As a convict on supervised release, Gilbert had to observe standard release conditions, in short, that she lead a productive and wholesome life, remain in the area, stay out of trouble, and report regularly to her probation officer.

After a few months, it became evident to her probation officer, Diane Campbell, that Gilbert was not being very conscientious in

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

keeping up her end of the bargain. Officer Campbell sent a letter to the sentencing judge, listing Gilbert's various transgressions as procedure dictated; she sent a second letter after hearing of additional violations. The judge then convened a release revocation hearing. At the hearing, Gilbert, assisted by her lawyer, denied or explained each of the violations Officer Campbell asserted; the Government lawyer questioned her as well, and the judge asked a few questions. The judge then orally recited his findings of fact, in which he concluded that Gilbert had indeed committed some, but not all, of the violations of which she had been accused. He ordered Gilbert sent back to prison for another seven months, to be followed by an additional two year period of supervised release.

Mrs. Gilbert argues that the District Court committed reversible error in ordering her supervised release revoked without setting forth, in its written order, the evidence upon which the revocation was based and the specific reasons for the revocation. She claims that the findings delivered from the bench, while transcribed in the court record, do not constitute the "written statement" the Supreme Court has specified as a minimal procedural requirement in a revocation hearing.

It is true that the case Mrs. Gilbert cites, *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in prescribing the process that was due a parolee before he could be re-jailed, required "a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole." *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604. However, it must be remembered that the appellant in *Morrissey* had been returned to prison by a State parole board on the advice of the parole officer without any hearing. The Supreme Court held that at a minimum, the Constitution required a hearing before a parolee's (admittedly limited) liberty could be taken away by the State, but the Court stressed that it had "no thought to create an inflexible structure for parole revocation procedures." *Id.* at 490, 92 S.Ct. at 2604. Of significant concern to the *Morrissey* Court was the "absence of an adequate record" which would enable judicial review of the reasons for parole revocation. *Id.*

More recently, the Supreme Court explained that its requiring a written statement

> helps to ensure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence.

*Black v. Romano*, 471 U.S. 606, 613–14, 105 S.Ct. 2254, 2259, 85 L.Ed.2d 636 (1985). In *Romano*, as here, the appellant contended that the court which had revoked parole had not provided an adequate written statement, invoking *Morrissey*. The Court held, however, that

> [t]he memorandum prepared by the sentencing court and the transcript of the hearing provided the necessary written statement explaining the evidence relied upon and the reason for the decision to revoke probation.

This conclusion satisfies this court that the District Court's delivery of its findings and judgment from the bench in the case at bar sufficed as the necessary "written statement." The Federal District Courts are courts of record since all hearings are transcribed verbatim; to require a judge to copy or paraphrase the transcript of his findings in the wake of a revocation hearing would elevate form over substance and do absolutely nothing to further secure the rights of those on supervised release.[1] *See*

---

1. *United States v. Stephenson*, 928 F.2d 728 (6th Cir.1991) does not hold to the contrary. We remanded that case for another revocation hearing because the judge "expressed ... the conditions of supervised release it found Stephenson had violated" but there was no "written statement explaining the evidence relied on and the reasons for revoking the release." *Stephenson*, 928 F.2d at 733. There, the judge accepted the conclusory accusations put forth by the complaining parole officer; the record lacked "reliable evidence" supporting the judge's findings. *Id.* Had such evidence been brought out at that hearing, and had the judge properly explained his conclusions from the bench on the basis of such evidence, as occurred here, we see no reason the hearing transcript would not have

**918**

*United States v. Barth,* 899 F.2d 199 (2d Cir.1990) and *United States v. Yancey,* 827 F.2d 83 (7th Cir.1987) (both citing *Romano*).

Mrs. Gilbert's argument that the Government did not sufficiently prove her violations lacks merit. As the Government pointed out, while Gilbert tried to explain her behavior, she nonetheless admitted each of the violations upon which the judge ultimately revoked her release. That "each charge was either denied or explained through mitigating circumstance" does not heighten the Government's burden of proof. The hearing transcript does not leave us with "the definite and firm conviction that the [District Court] committed error in reaching [its] conclusion[s]", *Stephenson,* 928 F.2d at 733. For that reason we hold that the sentencing judge did not abuse his discretion in revoking Mrs. Gilbert's sentence.

For the reasons given, the order of the District Court is AFFIRMED.

adequately served as the requisite "written state-     ment" in that case.