UNITED STATES of America, Plaintiff–Appellee,

v.

**Allen David DANIEL, Defendant–Appellant.**

No. 99–10268.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2000[1]

Filed April 19, 2000

Fed. R.App. P. 34(a)(2).

Mary M. French, Assistant Federal Defender, Sacramento, California, for the defendant-appellant.

William C. Hahesy, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

Before: O'SCANNLAIN and RYMER, Circuit Judges, and MILLER, District Judge.[2]

**2.** The Honorable Jeffrey T. Miller, District Judge for the Southern District of California, sitting by designation.

MILLER, District Judge:

Defendant Allen David Daniel ("Daniel") appeals the revocation of his supervised release. This appeal raises the question of whether a district court must make written findings in support of a decision to revoke supervised release and also requires us to review the sufficiency of the district court's oral findings in this case. We hold oral findings made on the record satisfy due process and otherwise affirm the district court.

## Background

In February of 1995, Daniel was sentenced to 10 months imprisonment for wire fraud in violation of 18 U.S.C. § 1343. That sentence was to be followed by 36 months supervised release. After serving his custodial sentence, Daniel commenced the term of his supervised release on March 12, 1996.

On March 8, 1999, United States Probation Officer Richard Ortiz filed a petition alleging that Daniel had violated the terms of his supervised release. Charges I and II charged Daniel with failing to submit truthful and complete written monthly reports on two occasions in violation of Standard [Release] Condition Number Two, and Charge III charged Daniel with obtaining money under false pretenses in violation of the condition to obey all laws. With respect to Charges I and II, it was alleged that Daniel received $6,000 from his fiancee and $2,000 from a girlfriend which he did not report as "other income" on his monthly report. As to Charge III, it was alleged that Daniel defrauded his fiancee of the $6,000. Daniel entered a denial of all charges and an evidentiary hearing was held. The district court determined that Daniel had violated the terms of his release. On May 11, 1999, the district court sentenced Daniel to three years in prison.

## Analysis

### A. Did the district court err in failing to make written findings in support of its decision?

 An individual whose probation or parole is being revoked is entitled to certain due process protections, including "a written statement by the factfinders as to the evidence relied on and reasons for" the revocation. *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole); *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (probation). These due process protections also extend to an individual whose supervised release is being revoked. *See United States v. Martin*, 984 F.2d 308, 310 (9th Cir.1993).

The threshold issue presented in this case is whether, in light of the language of *Morrissey* and *Gagnon*, oral findings made on the official court record satisfy the requirements of due process in a revocation proceeding. We have not previously addressed this issue. In *United States v. Rilliet*, 595 F.2d 1138, 1140 (9th Cir.1979), a case involving the revocation of probation, the defendant "[i]ncluded under the umbrella of his argument on insufficiency" the contention that reversal was warranted because "the district court did not make written findings." However, although we concluded that the district court's oral findings on the record were sufficient, the defendant did not raise, nor did we address, the due process issue raised here. Of the circuits that have addressed this issue, all but the Eighth Circuit have held that oral findings on the record are sufficient to meet due process concerns. *See United States v. Barth*, 899 F.2d 199 (2d Cir.1990) (probation), *cert. denied*, 498 U.S. 1083, 111 S.Ct. 953, 112 L.Ed.2d 1042 (1991); *United States v. Copley*, 978 F.2d 829 (4th Cir.1992) (supervised release); *United States v. Gilbert*, 990 F.2d 916 (6th Cir.1993) (supervised release); *United States v. Yancey*, 827 F.2d 83 (7th Cir. 1987) (probation), *cert. denied*, 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988); *Morishita v. Morris*, 702 F.2d 207 (10th Cir.1983) (probation); *United States v. Copeland*, 20 F.3d 412 (11th Cir.1994) (supervised release). *But see United States v. Smith*, 767 F.2d 521 (8th Cir.1985) (probation).

The rationale for imposing the "written statement" requirement is to insure accurate fact-finding and to assist in judicial review of the revocation decision. *See Black v. Romano*, 471 U.S. 606, 613–14, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) ("The written statement required by *Gagnon* and *Morrissey* helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence."). Clearly, these purposes are met when a district court states the reasons for its decision on the record. As the Sixth Circuit aptly explained in *Gilbert*, 990 F.2d at 917, "to require a judge to copy or paraphrase the transcript of his [or her] findings in the wake of a revocation hearing would elevate form over substance and do absolutely nothing to further secure the rights of those on supervised release." Thus, we hold that oral findings made on the record by a district court in a revocation proceeding comport with due process.

### B. In its oral findings, did the district court sufficiently identify the evidence relied on and reasons for the revocation decision?

 Daniel argues that he was not given fair notice of the requirement to report "other income." Beyond this, Daniel argues that, even if separate written findings are not required, the district court's oral findings are not sufficiently detailed and the evidence is insufficient to sustain the revocation. We need not decide whether Daniel was given fair notice of the reporting requirement because we conclude that, although the district court failed to support its conclusion that Daniel engaged in fraud with sufficiently detailed findings, the record establishes that Daniel engaged

in fraud so as to support revocation of Daniel's supervised release.

 We review a district court's decision to revoke a term of supervised release for an abuse of discretion. *United States v. Schmidt*, 99 F.3d 315, 320 (9th Cir.1996). "A due process violation at a revocation proceeding is subject to harmless error analysis." *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir.1998).

In this case, the district court stated there was "[n]o doubt in the Court's mind that the government has sustained its burden." The record clearly discloses sufficient evidence to establish a violation of Charge III by Daniel as well as the district court's finding of such a violation. Charge III alleged that Daniel "fraudulently obtained $6,000 from Patricia Blake on the pretense the money would be invested in a project, County Line Communications, and would have a ten percent (10%) return within six (6) months" and therefore alleged that Daniel violated California Penal Code § 532(a), which provides in relevant part:

> Every person who knowingly and designedly, by any false or fraudulent representation or pretense, defrauds any other person of money ... is punishable in the same manner and to the same extent as for larceny of the money or property so obtained.

Here, the record establishes by a preponderance of the evidence that Daniel defrauded Ms. Blake, as the following evidence demonstrates:

Daniel and Ms. Blake lived together in 1997 and became engaged in November 1997. After they became engaged, Ms. Blake received $8,000 from a worker's compensation claim. Ms. Blake was told by Daniel that if she invested $6,000 of it with Daniel she would get back her $6,000 in six months along with an additional $600. At Daniel's further suggestion, Ms. Blake also set up a checking account into which Daniel placed money from time to time. This account was basically used to pay their living expenses. At the time he gave Ms. Blake money to deposit in the account, Daniel never advised her that the money was to be considered repayment for the loan, and it was not her understanding that the money was to be repayment for the loan. Ms. Blake never received any money from Daniel on her supposed investment. Although on cross-examination Ms. Blake admitted that the amount Daniel gave her to put into the checking account was roughly $6,000, the district court clearly could have believed her testimony that the money Daniel gave her was not repayment for the loan in light of their cohabitation and engagement as well as Daniel's encouragement of Mrs. Blake to quit her job because they had enough money in the bank. Finally, Daniel's probation officer investigated the "investment" presented to Ms. Blake and discovered that the company for which Daniel told Ms. Blake he was doing a project did not in fact exist.

The government buttressed its case on Charge III by presenting evidence that Daniel had defrauded his girlfriend, Ms. Jonsson, in the amount of $2,000 under a scheme similar to that perpetrated upon Ms. Blake. The testimony of Ms. Jonsson was detailed and compelling in this regard. The district court clearly found fraud: "We all know what is going on. It's a fraud."

 Here, Charge III, fraud, was the violation which the district court specifically found occurred. Supervised release can be revoked based upon only one violation. *See* 18 U.S.C. § 3565(a); *see also United States v. Lindo*, 52 F.3d 106, 108 (6th Cir.1995). On this record, the district court's conclusion that Daniel engaged in fraud as alleged in Charge III is supported by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (a court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release).

For the foregoing reasons, the decision of the district court revoking Daniel's supervised release is

AFFIRMED.