**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alonzo FINCH, Defendant–Appellant.**

**No. 01–2176.**

United States Court of Appeals,
Sixth Circuit.

June 14, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; MARBLEY, District Judge.*

*ORDER*

Alonzo Finch, represented by counsel, appeals a district court judgment sentencing him to eighteen months of imprisonment, following the revocation of his supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Finch pleaded guilty to possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841. The court sentenced him to sixty months of imprisonment and four years of supervised release. In 1998, Finch began serving his period of supervised release. In 2001, a probation officer advised the court that Finch had violated the terms of his supervised release because he failed to report to the probation office on numerous dates, he failed to be employed throughout his term of supervised release, he tested positive for the use of controlled substances, and he was terminated from his drug treatment program. Following a revocation hearing, the district court revoked Finch's supervised release and sentenced him to eighteen months of imprisonment with no additional period of supervised release. Finch has filed a timely appeal.

On appeal, Finch's counsel has filed a motion to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel essentially submits the following issues for review: 1) whether the district court properly revoked Finch's supervised release; and 2) whether the district court properly sentenced Finch. Finch has not responded to counsel's motion.

We conclude that the district court properly revoked Finch's supervised release. *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000), *cert. denied*, 532 U.S. 952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001). The record clearly reflects that the district court properly determined that the preponderance of the evidence warranted the

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

revocation of Finch's supervised release because he freely admitted to at least four violations of the terms of his supervised release. In addition, the district court afforded Finch a proper revocation hearing. *See* Fed.R.Crim.P. 32.1. Finally, the requirement that the district court make written findings supporting the revocation of supervised release has been met because the transcript of the revocation hearing clearly contains the district court's reasons for revoking supervised release. *United States v. Gilbert*, 990 F.2d 916, 917 (6th Cir.1993).

We also conclude that the district court properly sentenced Finch. The district court's reasoning for imposing an eighteen-month sentence reflects consideration of the relevant statutory factors and the sentence is not plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999). The district court stated its reasons for imposing an eighteen month term of imprisonment. Specifically, the court noted Finch's reluctance to admit that he has a drug addiction and Finch's inability to successfully complete several drug treatment programs. The court's comments reflect the need to protect the public from any harm that might arise if Finch were not able to conquer his drug problem, and the need to facilitate Finch's participation in a prison-run drug rehabilitation program. The court explicitly stated that it was following the suggested guideline range and sentenced Finch to eighteen months of imprisonment. Moreover, Finch's eighteen-month sentence is appropriate based on his Grade B violations and his Criminal History Category score of IV. Thus, the sentence was not plainly unreasonable.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.