**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven Joseph RITTER, Defendant–
Appellant.**

**Nos. 01–30448, 01–30450.
D.C. Nos. CR–92–01614–JET,
CR–92–01721–JET.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Steven J. Ritter appeals the district court's revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's revocation of a term of supervised release for an abuse of discretion, *United States v. Daniel,* 209 F.3d 1091, 1094 (9th Cir.), *cert. denied,* 531 U.S. 999, 121 S.Ct. 499, 148 L.Ed.2d 469 (2000). We review de novo alleged due process and confrontation clause violations. *See United States v. Peterson,* 140 F.3d 819, 821 (9th Cir.1998); *Hilao v. Estate of Marcos,* 103 F.3d 767, 780 (9th Cir.1996). We affirm.

Ritter contends the government violated his due process and confrontation clause rights, by failing to give him a copy of his probation officer's chronological notes either before or during his revocation hearing. This contention is without merit.

Due process did not require the government to produce the probation officer's notes because the notes were not used as evidence against Ritter. *See United States v. Donaghe,* 924 F.2d 940, 944 (9th Cir.1991). Further, lack of access to the notes did not compromise Ritter's rights under the confrontation clause to a "fair and meaningful opportunity to refute or impeach the evidence against him." *See United States v. Martin,* 984 F.2d 308, 310 (9th Cir.1993).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.