UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                  No. 01-4923

ANTHONY RAY COLLINS, a/k/a Tony,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-98-307)

Submitted: November 7, 2002

Decided: December 13, 2002

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Dale W. Dover, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Timothy D. Belevetz, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Ray Collins appeals the revocation of his supervised release. Following a guilty plea to conspiracy to obstruct justice in violation of 18 U.S.C. §§ 371, 1503, 1512(h) (2000), Collins was sentenced to forty-eight months imprisonment and three years supervised release. He received a reduction in his sentence pursuant to Federal Rule of Criminal Procedure 35, to twenty-two months. While on supervised release, Collins violated the terms of his supervised release by possessing crack cocaine, by failing to report his arrest within seventy-two hours, by failing to provide an accurate monthly report form, and by testing positive for PCP. The district court revoked Collins' supervised release and sentenced him to a term of eighteen months for the possession of crack cocaine violation; ninety days each for failure to report an arrest and failure to provide an accurate monthly report, to run concurrently with the possession sentence; and ninety days for using PCP, to run consecutively.

This Court reviews the district court's decision to revoke a defendant's supervised release for an abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). A due process violation at a revocation hearing is reviewed for harmless error. *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000).

Collins alleges that the district court violated due process and abused its discretion by granting continuances to the Government and providing inappropriate advice to the Government during the revocation hearings. Specifically, Collins complains that the district court deferred its finding of a violation of supervised release and allowed the Government to supplement the evidentiary basis by presenting further testimony. Collins also alleges the district court was biased and failed to fulfill its role as an impartial decision-maker. He contends the court "coached" the Government as to how to meet its evidentiary burden at the hearing. We find Collins has failed to demonstrate that the district court abused its discretion or was biased against him.

Collins argues that he was improperly tested for narcotics use at his revocation hearing, in violation of due process. However, Collins'

criminal judgment explicitly states that he shall comply with treatment for narcotic addiction, drug or alcohol dependency, including urinalysis or other drug detection measures. Pursuant to 18 U.S.C. § 3583(d) (2000), the court shall order the defendant to submit to a drug test within fifteen days of supervised release and at least two other tests, to be determined by the court. Thus, it was within the district court's discretion to order a urine test.

Collins also argues the Government improperly failed to disclose the prior testimony of Detective Patel at a Maryland hearing, in violation of the Jencks Act, 18 U.S.C. § 3500 (2000), and *Jencks v. United States*, 353 U.S. 657, 667-72 (1957). However, the transcript was not in the Government's possession. Additionally, the transcript was a matter of public record, to which the defense had access. The Government is not required to produce transcripts of witnesses who testified previously if the evidence in question is available to the defendant from other sources. *United States v. Bros. Constr. Co.*, 219 F.3d 300, 316 (4th Cir. 2000) (quoting *United States v. Wilson*, 901 F.2d 378, 380 (4th Cir. 1990) (noting that trial transcripts are public documents)); *see also United States v. Chanthadara*, 230 F.3d 1237, 1254 (10th Cir. 2000) (listing cases), *cert. denied*, 122 S. Ct. 457 (2001).

Therefore, we affirm revocation of Collins' supervised release and his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*