**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Susanna PEREZ–SANCHEZ, Defendant—Appellant.**

No. 02–50267.

D.C. No. CR–97–01339–RMB.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Susanna Perez–Sanchez appeals the sentence imposed following revocation of her term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's revocation of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

a term of supervised release for an abuse of discretion. *United States v. Daniel,* 209 F.3d 1091, 1094 (9th Cir.2000). We review the legality of a sentence de novo. *United States v. Hanna,* 49 F.3d 572, 576 (9th Cir.1995). We affirm.

Pursuant to a request by the probation office, the district court issued a bench warrant for Perez–Sanchez to appear and show cause why her federal supervised release term should not be revoked based on, *inter alia,* her state conviction for conspiracy to bring a controlled substance into a state prison. The warrant was executed after Perez–Sanchez completed her state prison term.

Perez–Sanchez contends that the order to show cause should have been dismissed because the government's failure to execute the federal arrest warrant before her state prison term expired deprived her of an opportunity to have the district court consider whether to run her federal sentence concurrently with her state sentence under 18 U.S.C. § 3584(a).

We find this argument unpersuasive. *See Moody v. Daggett,* 429 U.S. 78, 80–81, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (rejecting argument that parole board should have executed warrant immediately so that defendant's imprisonment for parole violation could run concurrently with his prior sentence); *United States v. Garrett,* 253 F.3d 443, 450 (9th Cir.2001) (concluding that the federal government is not required to writ defendant out of state custody and bring him before the federal court for a revocation hearing before the conclusion of state custody), *cert. denied,* 535

U.S. 977, 122 S.Ct. 1451, 152 L.Ed.2d 393 (2002).

**AFFIRMED.**[1]

---

1. The Clerk shall file appellant's reply brief received December 6, 2002.

