**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pamela Michelle ARMOUR, Defendant–Appellant.**

**No. 03–5190.**

United States Court of Appeals, Sixth Circuit.

July 11, 2003.

---

Before: KEITH, COLE, and COOK, Circuit Judges.

### ORDER

In 1993, Pamela Michelle Armour pled guilty to aiding and abetting and to possessing cocaine base for intended distribution. *See* 18 U.S.C. § 2 *and* 21 U.S.C. § 841(a)(1). She was sentenced to seventy months of imprisonment and four years of supervised release.

The district court subsequently found that Armour had violated the terms of her supervised release by associating with a criminal, failing to comply with electronic monitoring, and failing to comply with the rules of a halfway house. Armour was sentenced to an additional nine months of imprisonment on October 9, 2002, and she now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

The district court must find by a preponderance of the evidence that Armour had violated a condition of her supervised release. *See United States v. Lowenstein,* 108 F.3d 80, 85 (6th Cir.1997). We review that finding for an abuse of discretion on appeal. *See id.* at 85–86.

The testimony at Armour's revocation hearing indicated that she had violated the conditions of her supervised release, even though she offered a variety of explanations in an attempt to excuse or mitigate her violations. A probation officer's testimony provided ample evidence that Armour had repeated contacts with a known criminal, that her electronic monitor alerted at least twenty times, and that she was unsuccessfully terminated from a halfway house after violating several of its rules. *See United States v. Curtis,* 237 F.3d 598, 605 (6th Cir.2001). Armour now argues that revocation was inequitable because her violations were excusable. However, the district court did not abuse its discretion by discounting her explanations, as the evidence clearly showed that she had violated several conditions of supervised release. *See Lowenstein,* 108 F.3d at 86; *United States v. Gilbert,* 990 F.2d 916, 918 (6th Cir.1993).

Accordingly, the district court's judgment is affirmed.