**UNITED STATES of America, Plaintiff–Appellee,**

v.

**BENJAMIN X, Defendant–Appellant.**

No. 03–10162.

D.C. CR–98–01326–RCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Aug. 22, 2003.

Bruce M. Ferg, DAG, Sean Chapman, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Jonathan S. Young, Law Offices of Williamson and Young, P.C., Mark A Redondo, Redondo Law Offices, P.C., Tucson, AZ, for Defendant–Appellant.

Before KOZINSKI and T.G. NELSON, Circuit Judges, and RESTANI,* Judge.

### MEMORANDUM**

Benjamin X[1] appeals the district court's order revoking his supervised release upon finding a violation of the condition of his release that he make monthly written reports to his probation officer. A district court's decision to revoke a term of supervised release is reviewed for abuse of discretion. *United States v. Daniel,* 209 F.3d 1091, 1094 (9th Cir.2000). The district court's factual findings at the sentencing phase, including a supervised release revocation hearing, are reviewed for clear error. *United States v. Lomayaoma,* 86 F.3d 142, 146 (9th Cir.1996).

It is clear that Benjamin X violated the conditions of his release when he failed to report to his probation officer after the DEA terminated him as a confidential informant. The combined statements of his probation officer, who told Benjamin X before he began cooperating with the DEA that he was to begin reporting when he was finished working with the DEA, and the statements of the DEA agent, advising him that his services were no longer needed, gave Benjamin X legally sufficient notice that the reporting condition of his supervised release was reinstated.

The district court did not err when it determined that Benjamin X understood that he should begin reporting. The court held a hearing and heard the testimony of the probation officer and the DEA agent. Defendant did not testify to offer evidence of his confusion or misunderstanding of the instruction of the probation officer or the statements of his DEA contact.

Nothing in this record demonstrates error on the district court's part in making its factual determination and we find that the district court did not abuse its discretion in revoking Defendant's supervised release.

AFFIRMED.

---

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Defendant–Appellant's motion to seal the record excerpts in this case was granted on May 8, 2003. Congruent with that order, we shall substitute "Benjamin X" for his actual name.