**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Lee Mathias Black HOOP, Jr.,**
**Defendant—Appellant.**

No. 04–30462.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff—Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant—Appellant.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM**

Federal prisoner Lee Mathias Black Hoop, Jr., appeals the 24–month term of imprisonment imposed following the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's decision to revoke supervised release, *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir.2000), and we affirm.

Appellant contends that the district court erred in finding that his statements to one of the arresting officers amounted to threatening to assault a federal officer, a violation of 18 U.S.C. § 115(a), and a Grade A violation of supervised release. Specifically, he contends that his statements to the officer were not threats, but constitutionally protected free speech, and that he lacked the requisite intent under § 115(a).

Appellant's threats are not constitutionally protected speech. *See Watts v. United States*, 394 U.S. 705, 707, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969). Further, we reject appellant's claim that he lacked the necessary intent to threaten an officer. *See United States v. Orozco–Santillan*, 903 F.2d 1262, 1266 n. 3 (9th Cir.1990) ("the only intent requirement is that the defendant intentionally or knowingly communicates his threat, not that he intended or was able to carry out his threat"). Because we conclude that a reasonable person would foresee that appellant's statements would be interpreted by the arresting officer as a serious expression

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of intent to harm or to assault him, and we uphold the district court's determination. *See id.* at 1265–66.

AFFIRMED.