permissible factors. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir.2007).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Toney August SCHOMER,**
**Defendant–Appellant.**

No. 06–30594.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007.*

Filed July 13, 2007.

Aine Ahmed, Esq., U.S. Attorney's Office, Spokane, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

784

## MEMORANDUM **

Toney August Schomer appeals from the sentence imposed upon the revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Schomer contends that the district court violated Fed.R.Crim.P. 32.1(b)(2)(B) and his right to due process by engaging in an ex parte conversation with a probation officer who confirmed the allegations against him. We need not reach the issue whether the district court committed error because any alleged error would be harmless in light of the fact that Schomer admitted the violations. *See United States v. Daniel,* 209 F.3d 1091, 1094 (9th Cir.2000).

Schomer's contention that the imposition of a sentence upon supervised release based on judicial findings violates *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) is foreclosed by *United States v. Huerta–Pimental,* 445 F.3d 1220, 1224 (9th Cir.2006).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.