UNITED STATES of America,
Plaintiff–Appellee,

v.

Annalie MAGRACIA–TAYLOR,
Defendant–Appellant.

No. 08–50055.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2008.*

Filed June 18, 2008.

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David M.C. Peterson, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before: TROTT, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Annalie Magracia–Taylor appeals the district court's revocation of her term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the revocation of a term of supervised release. *United States v. Daniel,* 209 F.3d 1091, 1094 (9th Cir.2000). Alleged due process violations at a revocation proceeding are reviewed for harmless error. *Id.*

■ First, because a preponderance of the evidence supports the district court's finding that Taylor committed forgery in violation of CAL.PENAL CODE § 475(b), we hold that the district court's confusion over the applicable evidentiary standard was harmless error. Taylor's guilty plea to violating CAL.PENAL CODE § 496(a) establishes the first two elements of § 475(b). Intent to defraud, the third element of § 475(b), can be inferred from: 1) Taylor's testimony that she was Chang's caregiver; 2) Taylor's proximity to Chang's checks at the time of arrest; and 3) Taylor's admission that she received and withheld Chang's property knowing it was stolen. Additionally, this inference is supported by the district court's appropriate disbelief of Taylor's testimony that she did not know that the checks were stolen.

Furthermore, even if the evidence did not support a finding that Taylor violated the terms of her supervised release by committing forgery, this error was harmless because Taylor pled guilty to a felony count of receiving stolen property other than a vehicle in violation of § 496(a). Her guilty plea constitutes proof by a preponderance of the evidence that she violated the mandatory condition of her supervised release that she not commit another federal, state, or local offense. *See United States v. Verduzco,* 330 F.3d 1182, 1184–86 (9th Cir.2003) (holding that exclusive reliance on a nolo contendere plea to establish a violation of supervised release was not error). Because the district court issued a warrant for the probation violation prior to the expiration of the term of supervised release, and because the warrant was supported by probable cause under oath, the probation officer, were we to remand, could amend the petition to allege a violation of § 496(a). *See United States v. Vargas–Amaya,* 389 F.3d 901, 907 (9th Cir.2004).

■ It was harmless error for the district court to admit the hearsay "Probable Cause Statement" of Officer Bush without weighing Taylor's interest in her constitutionally guaranteed right to confrontation against the government's good cause for denying it because the non-hearsay evidence we noted *supra* supports a conclusion that Taylor violated §§ 475(b) and 496(a). *See United States v. Comito,* 177 F.3d 1166, 1170 (9th Cir.1999).

Finally, the sentence was reasonable and the district court did not consider impermissible factors. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc); *United States v. Simtob,* 485 F.3d 1058, 1062 (9th Cir.2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.