FILED

**NOT FOR PUBLICATION**

FEB 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 09-50183 |
| Plaintiff–Appellee, | 09-50247 |
| v. | D.C. Nos. 2:06-cr-00619-RHW-1 |
| | 2:06-cr-00297-RHW-1 |
| CHRISTOPHER JORDAN, | |
| | MEMORANDUM [*] |
| Defendant–Appellant. | |

On Appeal from the United States District Court
for the Central District of California
Judge Robert H. Whaley, Senior District Judge, Presiding

Submitted January 14, 2010 [**]
Pasadena, California

Before:  SCHROEDER, CANBY, and McKEOWN, Circuit Judges.

Christopher Jordan appeals an order of the district court revoking his term of

supervised release.  Jordan contends that the district court abused its discretion and

committed reversible errors of law and fact in finding that he had violated seven

conditions of his supervision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion a district court's decision to revoke a term of supervised release. *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). Under 18 U.S.C. § 3583(e)(3), a district court may "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Therefore, revocation of a term of supervised release can be "based upon only one violation." *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000).

At his revocation hearing in the district court, Jordan admitted that he had violated two conditions of his supervision: namely, operating a motor vehicle with a suspended or revoked driver's license and failing to make restitution payments. Because Jordan admitted to two violations, the district court did not abuse its discretion in revoking Jordan's term of supervised release. *See, e.g., United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007) (upholding the revocation of appellant's term of supervised release on the sole basis that appellant had "missed making at least some full restitution payments"). We therefore need not address Jordan's challenges to several other violations found by the district court.

The order of the district court is

**AFFIRMED.**