FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30434 |
| Plaintiff - Appellee, | D.C. No. 2:96-cr-00015-DWM-1 |
| v. | |
| CHARLES J. CONNELLY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted August 3, 2010
Seattle, Washington

Before: CANBY, THOMPSON and BERZON, Circuit Judges.

Charles J. Connelly ("Connelly") appeals the revocation of his supervised

release and five-year sentence. He contends that the district court violated his due

process and confrontation clause rights by relying on inadmissable hearsay

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

testimony and that his sentence is unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

*Revocation*

Connelly originally pled guilty to bank and credit card fraud, and was sentenced to 60 months imprisonment, followed by five years of supervised release. Within two months of his release, Connelly absconded from supervision, ultimately fleeing to Mexico. Eight years later, he returned to the United States. The district court held a revocation hearing and concluded that Connelly violated the terms of his supervised release on three grounds: (1) absconding to Mexico; (2) engaging in "deceptive practices" by using Cheri Ann Mulley's personal information to obtain credit cards; and (3) engaging in "false pretenses and cheats" by claiming to be a lawyer and never providing legal services to a South Carolina inmate.

Connelly concedes that he violated the terms of his supervised release by absconding to Mexico. He nevertheless challenges the revocation of his supervised release on the last two grounds. Although we agree in part with Connelly's contention that the district court relied on insufficient and unreliable hearsay testimony, we affirm the revocation of supervised release.

Ms. Mulley and FBI Agent John Teeling testified that Connelly had used Ms. Mulley's information to obtain credit cards. Ms. Mulley testified as a percipient witness. Shortly after allowing Connelly to move in with her, she learned that Connelly was ordering credit cards in her name as she began receiving new cards in the mail and phone calls regarding purchases.

Connelly does not dispute Ms. Mulley's testimony. Instead, he focuses his hearsay challenge on one statement Ms. Mulley made regarding a warning she received from a local banker that a large check had been drawn in her name. But this statement was not hearsay because it was not offered for its truth. *See United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991), *cert. denied*, 503 U.S. 975 (1992). It was offered to show the effect on the listener, Ms. Mulley, and explain why she went to the bank to investigate. *Id.* It was Ms. Mulley's investigation at the bank, not the banker's warning, that formed the basis of Ms. Mulley's testimony that Connelly had issued a check from her account.

Agent Teeling corroborated Ms. Mulley's testimony that Connelly used her identity to obtain credit cards. Agent Teeling testified that, on the basis of his review of the documents and credit cards discovered in Connelly's abandoned apartment, Connelly had used Ms. Mulley's identity to order at least ten credit cards. That Agent Teeling was not part of the FBI team that obtained the credit

3

card cache from Connelly's apartment in 2001 is immaterial. Connelly does not dispute that he obtained the credit cards using Ms. Mulley's information; he merely claims he had her permission to do so.

With respect to the charge of false pretenses and cheats, the government offered the testimony of Probation Officer Paul McLean. He testified that a North Carolina inmate, Mr. Young, telephoned him claiming that he had been defrauded because he paid Connelly $1,300 for legal services in 2001. Although Officer McLean's testimony was hearsay, we conclude that any error in allowing it was harmless with respect to the revocation of Connelly's supervised release. *See United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998) ("A due process violation at a revocation proceeding is subject to harmless error analysis.").

Connelly admitted that he absconded to Mexico and violated the terms of his release. There was also credible evidence supporting the district court's conclusion that Connelly had used Ms. Mulley's identity to fraudulently obtain credit cards shortly after being released. Either violation provided a sufficient basis to revoke Connelly's supervised release regardless of whether he defrauded Mr. Young. *See United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000) ("Supervised release can be revoked based upon only one violation."); 18 U.S.C. § 3565(a).

4

*Sentence*

The district court sentenced Connelly to the five-year statutory maximum. We conclude that the sentence is reasonable in this case, even though it is longer than the twelve to eighteen month range under the Sentencing Guidelines. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) ( "In the context of sentencing upon revocation of supervised release, we review the sentence imposed under the *Booker* reasonableness standard.").  The district court carefully considered the Guidelines range and the 18 U.S.C. § 3553(a) factors.

Connelly's contention that the district court would not have imposed the statutory maximum sentence had it not accepted Officer McLean's hearsay testimony lacks merit.  Connelly's absconding violation alone exposed him to the five-year statutory maximum sentence he received because his original convictions were a Class B felony, giving rise to a maximum of three years on revocation of supervised release, and a Class C felony, giving rise to a two-year maximum on revocation of supervised release, thus totaling a five-year maximum. *See* 18 U.S.C. § 3583(e)(3).  Moreover, there was evidence in the record that Connelly had falsely represented himself as a lawyer.  Although this evidence related to events other than those involving Mr. Young, the district court was entitled to rely on it in fashioning the sentence.  Any violation of Connelly's due process and

5

confrontation clause rights with regard to the evidence concerning the Young incident was therefore harmless as to the sentence imposed.

The court's decision was based on sufficient evidence and the sentence, although longer than the Guidelines range, was reasonable under the circumstances of this case.

**AFFIRMED.**