**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10266 |
| Plaintiff - Appellee, | D.C. No. 4:04-cr-02195-CKJ-BPV-1 |
| v. | |
| MARY ELIZABETH SCHIPKE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted February 12, 2013[**]
Stanford, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

Mary Elizabeth Schipke appeals the district court's second revocation of

supervised release and imposition of fourteen months imprisonment followed by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

two years of supervised release.  We affirm.

1.  A standard condition of Schipke's supervised release was that she "not commit another federal, state, or local crime during the term of supervision."  The district court's finding that Schipke violated supervised release, because she committed harassment, in violation of Arizona Revised Statute § 13-2921(A)(1), was not an abuse of discretion.  *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000), *amended on other grounds by* 216 F.3d 1201 (9th Cir. 2000).

After an evidentiary hearing, the district court found that Schipke contacted the chambers of Judge John Roll on the first business day after his murder in order to knowingly or intentionally harass his staff.  Testimony by court staff and Schipke supports by a preponderance of the evidence the district court's conclusion that Schipke's inflammatory comments would cause a reasonable person to be harassed and that her comments indeed had such an effect on court staff.  *See* Ariz. Rev. Stat. § 13-2921; 18 U.S.C. § 3583(e)(3).  Because the district court's factual findings regarding the harassing phone calls were not clearly erroneous, there was no abuse of discretion.  *See United States v. Lomayaoma*, 86 F.3d 142, 146-47 (9th Cir. 1996).

2.  The district court's finding that Schipke violated supervised release, because she committed trespass, in violation of Arizona Revised Statute § 13-

1502(A)(1), was also not an abuse of discretion. The district court found that Schipke knowingly entered or remained in the cordoned off media area at the *Together We Thrive: Tucson and America* memorial service after a reasonable request to leave by law enforcement. Testimony by security personnel who were working at the memorial service supports by a preponderance of the evidence the district court's conclusion that when Schipke was found protesting in the media area she refused to leave after being asked to do so. *See* Ariz. Rev. Stat. § 13-1502(A)(1). Because the district court's factual findings about Schipke's refusal to leave were not clearly erroneous, there was no abuse of discretion. *See Lomayaoma*, 86 F.3d at 147.

3. The district court sentenced Schipke to fourteen months imprisonment followed by two years of supervised release. This sentence was not unreasonable. *See United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007). Before sentencing, the district court considered Schipke's physical and mental health, the underlying terrorism offense, and testimony in support of Schipke's character. However, the court noted that it could not ignore Schipke's disturbing criminal history, including very violent behavior. The court sentenced Schipke based on her escalating behavior and recommended incarceration at a medical facility or mental health facility. The sentence imposed was within the recommended 8-14

months range of imprisonment under the Sentencing Guidelines, and the district court had discretion to impose an additional term of supervised release.  *See* U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(a).

Further, the sentence was not cruel and unusual punishment under the Eighth Amendment.  Schipke fails to explain how this sentence was either inherently barbaric or grossly disproportionate to her offenses of harassment and trespass. *See Graham v. Florida*, 130 S. Ct. 2011, 2021 (2010); *United States v. Williams*, 636 F.3d 1229, 1232 (9th Cir. 2011).

**AFFIRMED.**[1]

---

[1] We have taken under advisement Schipke's counsel's emergency request to file under seal and ex parte a motion to withdraw as counsel.  For good cause shown, we GRANT the request to file under seal and ex parte.  Fed. R. App. P. 27-13. We also GRANT counsel's motion to be relieved.