**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GREGORY MONROE,

Defendant-Appellant.

No. 18-50144

D.C. No. 2:17-cr-00657-R-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and SETTLE,[**] District Judge.

Gregory Monroe (Monroe) appeals the district court's judgment revoking

his supervised release and imposing supervised released conditions.

Charge One of the revocation petition alleged that Monroe violated the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

provision of his supervised release requiring him to reside at, participate in, and successfully complete a residential substance abuse treatment and counseling program by failing to enter the designated residential treatment program as directed by the probation officer. Charge Two alleged that Monroe had used a controlled substance, as evidenced by laboratory analysis of his urine sample. Monroe denied Charge One and admitted Charge Two. The district court sustained both allegations, sentencing Monroe to nine months' imprisonment, followed by 25 months of supervised release.

We review for abuse of discretion the district court's revocation of supervised release. *See United States v. Thum*, 749 F.3d 1143, 1145 (9th Cir. 2014). When reviewing a sufficiency of the evidence challenge to the revocation of supervised release, we "ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *Id.* at 1145-46 (citation and internal quotation marks omitted).

Contrary to Monroe's contentions, the evidence was sufficient to support a finding that he failed to enter a residential drug treatment facility on February 23, 2018, a Grade C violation. *See* U.S.S.G. § 7B1.1. The record reflects that Monroe failed to enter the drug treatment program on February 23, 2018, as directed by his

probation officer. *See United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) ("[W]e will affirm a district court's factual finding unless that finding is . . . without support in inferences that may be drawn from the record.").

At minimum, Monroe admitted to Charge Two, also a Grade C violation, *see* U.S.S.G. § 7B1.1, and one violation of a condition is a sufficient basis for revocation. *See United States v. Daniel*, 209 F.3d 1091, 1094, *amended*, 216 F.3d 1201 (9th Cir. 2000). Thus, even if the district court abused its discretion in sustaining Charge One, any error was harmless. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) (characterizing error as harmless where "no evidence of any of these alleged errors, if changed, would result in a shorter sentence").

Next, Monroe asserts, and the government concedes, that the district court's imposition of three unconstitutionally vague standard supervised release conditions constitutes plain error. *See United States v. Evans*, 883 F.3d. 1154, 1162-64 (9th Cir. 2018). Specifically, Monroe objects to the conditions requiring that he "support his or her dependents and meet other family responsibilities," "work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons," and "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics." Therefore, we strike the unconstitutional text from the district

3

court judgment to comport with *Evans*, 883 F.3d at 1162-64.[1] *See United States v. Long*, 301 F.3d 1095, 1108 (9th Cir. 2002) (per curiam) (affirming modified district court judgment).

We interpret the district court's order entered on May 8, 2018, as incorporating the special condition requiring successful completion of a residential drug treatment and counseling program, entered on January 10, 2018. This interpretation does not authorize separate placements into drug treatment and mental health facilities. So construed, the district court's specification of a residential substance abuse and counseling program does not impermissibly delegate to the probation officer whether a defendant must be committed to inpatient or outpatient treatment. *See United States v. Esparza*, 552 F.3d 1088, 1091 n.5 (9th Cir. 2009) (per curiam).

Because the district court's judgment has been modified to comport with *Evans* and *Esparza*, and no remand is required, we need not address Monroe's request to assign this case to a different district judge.

---

[1]The respective conditions should read: "defendant shall support his or her dependents," *see Evans*, 883 F.3d at 1162-63; "defendant shall work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons," *see id.* at 1163; and "as determined and directed by the probation officer, the defendant shall notify specific persons or organizations of specific risks posed to those persons or organizations by the defendant." *See id.* at 1164.

4

**JUDGMENT AFFIRMED AS MODIFIED.**