NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LESLIE GUY WILSON,<br><br>Defendant-Appellant. | Nos. 20-30216<br>20-30217<br>20-30218<br><br>D.C. Nos.<br>2:20-cr-00080-RSL-1<br>2:13-cr-00024-RSL-1<br>2:92-cr-00014-RSL-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Leslie Guy Wilson appeals from the district

court's judgment and challenges the 30-month sentence imposed upon revocation

of three supervised release terms.  We have jurisdiction under 28 U.S.C. § 1291,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Wilson first contends that, because he had permission to interact with his residential reentry center roommate and the government never retracted that permission, the district court erred in revoking his supervised release for associating with a felon. We need not address this argument because revocation of supervised release can be "based upon only one violation," *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000), and Wilson does not contest the district court's findings that he violated at least one other condition of each of his supervised release terms.

Wilson next contends that the district court did not adequately explain its reasons for imposing an above-Guidelines sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court sufficiently explained its reasons for imposing the above-Guidelines sentence, including Wilson's history and characteristics, and the need to protect the public. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Wilson further argues that the sentence is substantively unreasonable in light of the allegedly minor nature of the violations. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e)

20-30216, 20-30217, & 20-30218

factors and the totality of the circumstances, including Wilson's multiple breaches of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Wilson lastly claims that his supervised release was improperly revoked because, under *United States v. Haymond*, 139 S. Ct. 2369 (2019), the factual bases for the revocation had to be found by a jury and proven beyond a reasonable doubt. This claim is foreclosed by our opinion in *United States v. Henderson*, 998 F.3d 1071 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 810 (2022).

**AFFIRMED.**