NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7590 |
| Plaintiff - Appellee, | D.C. No. 1:18-cr-00014-SPW-1 |
| v. | |
| GEORGE LOWRY WEEKS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 22, 2025**
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

George Lowry Weeks appeals the district court's revocation of his
supervised release. Weeks claims that he was denied his due process confrontation
right because the district court erroneously relied on Officer Hilario's hearsay
statements to establish that he used a controlled substance (methamphetamine), one

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

of the three conditions of supervised release that he violated. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"[E]very releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). However, we will affirm a sentence if the violation of this right "was harmless beyond a reasonable doubt." *Id.* at 1170.

Any error regarding Weeks's right to confront and cross-examine Officer Hilario was harmless beyond a reasonable doubt. *See id.* Weeks admitted to two other violations—including failure to report to probation—which provided a sufficient basis to revoke his supervision. *See United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir.), *amended by*, 216 F.3d 1201 (9th Cir. 2000); 18 U.S.C. § 3565(a)(2). Because each of Weeks's supervision violations were grade C, the guideline range was 7 to 13 months' imprisonment. *See* U.S.S.G. §§ 7B1.1(b), 7B1.4(a). That range would apply no matter how many grade C violations there were. In explaining its chosen sentence, the district court focused on Weeks's long history of refusing to comply with supervision. Indeed, the court devoted nearly five pages of the transcript to Weeks's lack of compliance before mentioning the methamphetamine violation in a single sentence. Likewise, the government

focused on Weeks's disregard for complying with his terms of supervision and mentioned the methamphetamine violation only once and to explain that Weeks suffered from a serious addiction.  Thus, we affirm Weeks's 10-month sentence because we find the sentence would have been the same without the disputed violation.

**AFFIRMED.**